**Lee P. NICHOLS, Plaintiff-Appellant,**

v.

**The UPJOHN COMPANY,**
**Defendant-Appellee.**

**No. 79–2017**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1980.

Rehearing Denied Feb. 14, 1980.

Baron & Cowley, Jack B. Cowley, Dallas, Tex., for plaintiff-appellant.

Jackson, Walker, Winstead, Cantwell & Miller, Jack Pew, Jr., Dallas, Tex., for defendant-appellee.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Lee Nichols brought this products liability suit in diversity, alleging he suffered permanent loss of vision in his right eye after taking the prescription drug "Motrin". Nichols sought to impose liability on the manufacturer, The Upjohn Company, contending that the warnings provided were inadequate and that the advertising contained misrepresentations of material facts. Suit was filed in the Eastern District of Texas, and in March, 1979, a three day trial was held. After hearing the evidence, the jury retired with three special interrogatories submitted by the court. Fifty minutes later the panel returned with a verdict for defendant. Plaintiff thereafter instituted this appeal.

Plaintiff raises four points of error. The first two focus on the interrogatories submitted to the jury. We find no merit in these claims.

Plaintiff also attacks two evidentiary rulings. In the first the court allowed defendant's witness, Dr. Samuel Stubbs to testify about the contents of investigative reports contained in the 94,000 page New Drug Application filed by Upjohn with the Food and Drug Administration in connection with Motrin. Plaintiff objected that the

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

testimony was hearsay and not the best evidence.

■ We find no error in the admission of Dr. Stubbs' testimony. Federal Rule of Evidence 1006 [1] allows courts to admit summaries of voluminous documents provided the documents themselves are made available to other parties. *United States v. Evans*, 572 F.2d 455, 491–92 (5th Cir. 1978). The New Drug Application is obviously a voluminous document and it is undisputed that plaintiff's counsel was given the opportunity to examine, and indeed did examine, this 300 volume application. Plaintiff's argument fails.

■ The second evidentiary ruling under attack also arose during the course of the testimony of Doctor Stubbs, as he was asked questions relative to eye complaints received by the defendant Upjohn concerning Motrin. Defendant's Exhibit No. 6 was a document which listed the eye complaints received. Plaintiff's objection to the exhibit was "The records from which the document was prepared are not available, and it is hearsay. This is the first time I have ever seen this document." However, it is undisputed that the documents from which the exhibit had been prepared had been made available to the plaintiff for examination prior to trial. The exhibit was admissible under Rule 1006, Federal Rules of Evidence.

Finding no merit in the four points of error, the judgment of the District Court is

AFFIRMED.

---

1. Rule 1006 provides:

   The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.